UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| JOYCE HARKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| and ) | |
| ) | |
| CORNERSTONE MORTGAGE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

1. The Plaintiff, Joyce Harkins (hereafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against Lincoln National Life Insurance Company (hereinafter "Defendant Lincoln"), and Cornerstone Mortgage, Inc. (hereinafter "Defendant Cornerstone"), the Defendants.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(l)(B) and §1132(c), as amended.

1

## I. PARTIES

3. The Plaintiff was a citizen of Lohman, Cole County, Missouri when her benefits became due under the subject long term disability (LTD) policy. She is currently a citizen of Lohman, Cole County, Missouri.

4. Defendant Lincoln is an Indiana corporation doing business in this judicial district. Therefore, pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this judicial district.

5. Defendant Cornerstone is a Texas corporation doing business in this judicial district. Therefore, pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this judicial district.

6. Defendant Cornerstone is the Plan Sponsor of a group LTD plan, named "Group Long Term Disability Insurance for Employees of Cornerstone Mortgage, Inc." ("Cornerstone Plan".)

7. Defendant Lincoln, formerly Jefferson Pilot Financial Insurance Company, issued Cornerstone Group Policy No. 000010092235, to the employees of Defendant Cornerstone, agreeing to pay Plaintiff, as a participant employee of Cornerstone's Plan, LTD income benefits in the event she became disabled and was unable to work.

8. The Cornerstone Plan is a fully-insured LTD employee benefits plan, which provides disability benefits to participants of the Cornerstone Plan in the event they become disabled on a long-term basis.

## II. FACTUAL ALLEGATIONS

**A.) Vocational Information**

9. Plaintiff began employment with Defendant Cornerstone on or about September 1, 2003.

10. At the time her disability commenced, Plaintiff worked as a Senior Loan Officer for Defendant Cornerstone.

**B.) The Definition of "Disability" Under the LTD Plan.**

11. The policy defines "disability" as the following:

> *1. "Total Disability" or "Totally Disabled" will be defined as follows.*
>
>> *During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.*
>
> *2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any occupation which his or her training, education, or experience will reasonably allow.*
>
> *The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute Total Disability.*

Certificate of Coverage page 9, and Summary Plan Description page 8.

**C.)    Medical Information and Disability**

12. On February 5, 2010, Plaintiff was forced to stop working on a full-time basis due to the following maladies: Abdominal Aortic Aneurysm; Extremely high and uncontrollable hypertension; Degenerative disks in her cervical and lumbar spine regions; Mild osteoarthritis/narrowing of her proximal SI joints; Renal fibromuscular dysplasia; Ehlers Danlos Syndrome ("EDS"); Stress symptoms, including: Anxiety, Depression, Post-Traumatic Stress Disorder; and Vaginal Prolapse. Numerous medical tests contributed to these diagnoses.

13. The injuries caused and continue to cause Plaintiff to experience extreme pain, extremely high and uncontrollable fluctuating hypertension, difficulty sitting upright for a prolonged period of

time, severe restriction in her sitting ability, severe and painful issues with her blood vessels and connective tissues that are inoperable due to her current physical state, danger to internal organs (such as being monitored for kidney necrosis), due to aneurisms, anxiety, depression, post-traumatic stress disorder, inability to control her moods and focus, and inability to tolerate stress of any kind.

14. In order to treat her injuries, Plaintiff has attempted extensive physical and medication therapies, including but not limited to surgery and narcotic medications, but nothing has provided enough relief to enable her to return to work full-time.

15. Certain surgeries that could be attempted to relieve Plaintiff's pain are not available therapies in this matter due to her treating physician's and surgeons' refusal to release her for surgery because of the extreme state of her underlying blood pressure and vascular disorder symptoms.

16. Plaintiff's treating physicians have consistently held that Plaintiff has remained totally and completely disabled from any occupation since February 5, 2010, and continues to remain completely and totally disabled today.

**D.) Claim Information under the LTD Cornerstone Plan.**

17. On February 5, 2010, Plaintiff was no longer able to work on a full-time basis due to the severity of her condition.

18. Plaintiff applied for LTD benefits under the Cornerstone Plan in February, 2010 and LTD benefits were denied as of June 4, 2010, according to the terms of the Cornerstone Plan. This was relayed to Plaintiff in a letter dated June 4, 2010.

19.     Plaintiff, acting on her own behalf, responded to the initial denial letter in a first-level administrative appeal on or about September 9, 2010.

20.     As part of her appeal, Plaintiff, acting on her own behalf, submitted a statement from her primary care physician, Dr. Roudebush, attesting to her continued total disability from working in any occupation on a full-time basis, and numerous medical records, evidencing continued and consistent treatment for her disability.

21.     Despite Plaintiff's presented evidence, Defendant Lincoln upheld its denial of Plaintiff's LTD benefits in a letter dated October 27, 2010.

22.     Plaintiff, through undersigned counsel, responded to the initial denial in a second-level administrative appeal letter dated June 1, 2011.

23.     As part of Plaintiff's appeal, the undersigned submitted a statement from Plaintiff's primary care physician, Dr. Roudebush, attesting to her continued total disability from working in any occupation on a full-time basis; a vocational expert report, finding that Plaintiff remains unable to perform the substantial and material duties of any occupation on full-time basis; and Plaintiff's updated medical records, evidencing continued and consistent treatment for her disability.

24.     Despite this, the Defendant upheld its denial of Plaintiff's LTD benefits in a letter dated June 29, 2011.

25.     The Defendant upheld its decision and issued its final denial of LTD benefits in a letter dated June 29, 2011, rendering this claim ripe for suit.

26. The medical information in Defendant Lincoln's claim file establishes that Plaintiff is entitled to receive LTD benefits under the Cornerstone Plan.

27. Plaintiff's physicians have reported to Defendant Lincoln that she continues to be totally disabled.

28. Plaintiff has provided significant medical proof of her disability to Defendant Lincoln. Despite this proof, Defendant Lincoln refuses to pay Plaintiff her LTD benefits.

## III. CLAIMS FOR RELIEF
## COUNT 1: WRONGFUL DENIAL OF LTD BENEFITS

29. Paragraphs 1-28 are hereby re-alleged and incorporated herein by reference.

30. From June 4, 2010, when Defendant Lincoln initially denied Plaintiff's LTD benefits, through the present, Plaintiff has remained totally and completely disabled from performing any gainful occupation.

31. Plaintiff provided Defendant Lincoln with substantial medical evidence verifying her total and complete disability under the Cornerstone Plan.

32. Plaintiff's treating physician has reported to Defendant Lincoln that Plaintiff is unable to work full-time in any occupation due to the seriousness of her conditions. He further stated Plaintiff is "house confined", "totally disabled from her job and any other job", and "not suitable candidate for occupational rehabilitation and present job cannot be modified to allow for handling with impairment."

33. Defendant Lincoln and Defendant Cornerstone have breached the Cornerstone Plan and violated ERISA in the following respects:

   a) Failing to pay LTD benefit payments to Plaintiff at a time when the Cornerstone Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Cornerstone Plan, as Plaintiff was completely and totally disabled and unable to work on a full-time basis and therefore entitled to benefits. Even though the Cornerstone Plan had such knowledge, Defendants denied LTD benefits;

   b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Cornerstone Plan documents, in relation to the applicable facts and Cornerstone Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

   c) Failing to properly and adequately investigate the merits of Plaintiff's LTD claim and failing to provide a full and fair review of Plaintiff's claim.

34. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her LTD benefits under the Cornerstone Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant Lincoln and Defendant Cornerstone aware of once said acts or omissions are discovered by Plaintiff.

35. Following the denial of LTD benefits under the Cornerstone Plan, Plaintiff exhausted all administrative remedies required under ERISA, and/or as demonstrated by Defendant Lincoln's and Defendant Cornerstone's actions herein, attempt to pursue further administrative remedies is

futile. Plaintiff has performed all duties and obligations on her part to be performed under the Cornerstone Plan.

36. As a proximate result of the aforementioned wrongful conduct of the Cornerstone Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at the time of trial.

37. As further and direct proximate result of this improper determination regarding LTD claim, Plaintiff in pursuing this action has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. §1132 (g)(l), Plaintiff is entitled to have such fees and costs paid by Defendants.

38. The wrongful conduct of the Cornerstone Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Cornerstone Plan and to clarify her rights to future benefits under the terms of the Cornerstone Plan.

## COUNT 2: PENALTIES FOR FAILURE TO PROVIDE REQUESTED INFORMATION

39. Paragraphs 1-38 are hereby re-alleged and incorporated herein by reference.

40. On January 17, 2011, undersigned counsel contacted Defendant Lincoln, requesting a copy of the underlying claim file used by Defendant Lincoln in making its determination to deny Plaintiff's LTD benefit, which included a copy of the policy and certificate of insurance that governs Plaintiff's claim. This request was acknowledged in Defendant Lincoln's letter dated January 31, 2011.

41. Despite subsequent written request for the underlying claim file (which includes the policy and certificate of coverage) on February 28, 2011, neither Defendant Lincoln nor Defendant Cornerstone provided undersigned counsel with the requested file until May 14, 2012.

8

42. The underlying claim file (which includes the policy and certificate of coverage) was provided after the completion of Defendant Lincoln's secondary appeal process.

43. Due to Defendants' refusal to provide the requested documents, both levels of appeal completed by Plaintiff and her counsel were hampered, and Defendant Lincoln's and Defendant Cornerstone's positions were enhanced.

44. Pursuant to 29 U.S.C. §1133 and United States Department of Labor regulations 29 CFR §2560.503-1, failure to provide material information—including the full administrative record relied upon when upholding a claim denial or appeal—constitutes a failure to establish and maintain reasonable claims procedures and failure to provide a full and fair review under ERISA, 29 U.S.C. §1001, et seq, as amended.

45. Pursuant to 29 U.S.C. §1132(c), the Court may award a fine of up to $110/day for each item requested, for failure to provide this information.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that this Honorable Court enter Judgment:

A. For a declaration that the Plaintiff was disabled as of February 5, 2010, and is entitled to receive LTD benefits while Plaintiff was and continues to be disabled under the terms of the Cornerstone Plan.

B. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the Cornerstone Plan.

C. For a declaration that Defendant Lincoln failed to establish and maintain reasonable claims and appeal procedures, and failed to provide necessary and required information for a full and fair review of Plaintiff's claim.

D. For injunctive relief requiring payment of a penalty of $110/day for each piece of information requested but not received from January 17, 2011, through and including May 14, 2012, for failure to provide the underlying claim file, policy, and certificate of insurance in accordance with statutory and regulatory provisions.

E. Awarding the Plaintiff pre-judgment and post-judgment interest under ERISA, on the amount of past due benefits, which remain unpaid.

F. Awarding the Plaintiff reasonable reimbursement for attorney's fees and costs incurred as a result of the Defendant's wrongful denial of benefits, pursuant to 29 U.S.C. 1132(g).

G. Awarding any and all other relief as may be just and appropriate.

Respectfully Submitted,

/s/ Marsha R. Woodward

Marsha R. Woodward
MO Bar #49932
MARSHA R WOODWARD,
ATTORNEY AT LAW, LLC
11 E. Kansas St.
Liberty, MO 64068
816-792-8026 (tel)
816-781-6843(fax)
mrw@marsharwoodwarrd.com
ATTORNEY FOR PLAINTIFF